# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DARRYL PERNELL BUTLER, and other inmates similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV423-311 |
| TYRONE OLIVER, *et al.*, | ) ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Darryl Pernell Butler is incarcerated at Coastal State Prison. *See* doc. 1 at 3. He filed this 42 U.S.C. § 1983 case to address alleged unsanitary food practices. *See id.* at 7-38. He has also moved to "certify a class" of prisoners allegedly affected by the unsanitary practices, doc. 2, and for leave to proceed *in forma pauperis*, doc. 3. Before the Court can address Butler's allegations, two procedural defects must be addressed.

This Court has recognized that Butler is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g). *See, e.g., Butler v. Kaplan*, CV422-211, doc. 4 (S.D. Ga. Sept. 6, 2022). His Complaint also expressly

1

concedes that he is subject to the restrictions of 28 U.S.C. § 1915(g). Doc. 1 at 3. As explained below, it is clear that he is.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IFP after filing three meritless actions. 28 U.S.C. § 1915(g). The relevant provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* The Court has identified at least three of Butler's prior cases that count as "strikes" under the PLRA. *See Butler v. Casterline*, CV103-112, doc. 4 at 4 (M.D. Ga. Sept. 26, 2003) (dismissing case "as frivolous pursuant to 28 U.S.C. § 1915A."); *Butler v. Brown*, CV196-087, doc. 3 (M.D. Ga. May 23, 1996) (dismissing "complaint as frivolous."); *Butler v. Kelso*, CV195-190, doc 2 (M.D. Ga. Oct. 20, 1995) (dismissing action "as frivolous"); *see also Butler v. Yankello*, CV522-0149, doc. 5 at 2 (M.D. Ga. May 20, 2022) ("A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals

that Plaintiff has filed several federal lawsuits and that more than three of his actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim," and collecting cases). The Court is satisfied that, at least, the three dispositions cited above count as § 1915(g) strikes. *See, e.g., Daker v. Comm'r, Ga. Dept. of Corrs.*, 820 F.3d 1278, 1283 (11th Cir. 2016) (holding that the expressly enumerated grounds, *i.e.* "frivolous," "malicious," and "fails to state a claim upon which relief may be granted," "are the only grounds that can render a dismissal a strike."); *Daker v. Keaton*, 787 F. App'x 630, 633 (11th Cir. 2019) ("[T]o conclude an action or appeal was dismissed as frivolous, the dismissing court had to have made some express statement that indicated the action or appeal was frivolous, meaning it lacked an arguable basis in law or fact."). Butler, therefore, had accrued at least three § 1915(g) strikes before he filed this action.

PLRA does provide an exception to the "three strikes" provision if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (general assertions of risk

3

are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed.").

The need for the Court to consider whether Butler qualifies under the imminent-danger exception raises the second procedural defect in his pleadings. As indicated above, Butler seeks to pursue this case as a class action, and many of his allegations are not specific to him. *See, e.g.,* doc. 1 at 27 (discussing other inmates who suffered from alleged food-borne illness). However, "[i]t is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (internal quotation marks, alterations, and citation omitted). Butler's class-based claims should, therefore, be **DISMISSED** and his Motion for Class Certification, doc. 2, **DENIED**. *See, e.g.,* 28 U.S.C. § 636(b)(1). Since the class-related allegations should be dismissed, the Court will

permit Butler an opportunity to amend his Complaint to omit the class-based allegations before it determines whether he otherwise qualifies to proceed *in forma pauperis.*

Accordingly, Butler is **DIRECTED** to submit an Amended Complaint asserting only his own claims, and omitting any class-based claims, by no later than November 3, 2023. To facilitate his preparation of the Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Butler is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Butler is further advised that failure to timely submit his amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document

should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 26th day of October, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA